Hxman, C. J.
In the above-named case, the plaintiffs obtained a judgment against the defendant,- McGee, caused execution to issue thereon, and propounded interrogatories to Rosemond Lorio, under authority of the statute 20th March, 1839, page 166.
The time having elapsed, in which Lorio was ordered to answer the interrogatories, a rule, on motion of plaintiff, was served on him to show cause why judgment should not be rendered against him.
Lorio had filed with the clerk an answer under oath to the interrogatories. On the trial of the rule his answer could not be found, and he asked permission to again answer the interrogatories.
Permission was refused by the Judge, and he excepted to the refusal.
■ The Court received parol evidence of the answers of Lorio to the interrogatories, made the rule absolute, and rendered judgment against him,' *375 condemning Mm to pay the amount of plaintiffs’ judgment against the defendant, McGee.
Plaintiffs had a right to the answer of Lorio, to use as evidence, against him, and the Judge did not err in refusing to take other answers than :ihat already given. .
The question now comes up, is the answer -responsive, -to the. interrogatories ? • .
They are as follows:
‘ ‘1st. Had you in your hands or under your control, directlyor indirectly, 'at the time of the service of notice .of seizure in this case,.or since', or at the time of service of these interrogatories, or at any time-since, or-at the time of answering these interrogatories, any money, rights, credits, or other property whatsoever, directly or indirectly belonging or due to the said defendant in execution, or in which he has or had any direct or indirect interest for the whole or for a part, or otherwise ; and if yea, what is the nature, description or amount thereof; and is the same not sufficient to pay or satisfy the full amount of said judgment and costs; or if less to what amount ? You, being asked, and required to make a full disclosure in relation to the same.
“ 2d. Were you not, at the time of service of seizure upon you in this case, or since then, or at the time of service of these interrogatories, or since, or at the time of answering the same, directly or indirectly, indebted or obligated unto the said defendant in execution for anything, or for any sum whatever, whether for yourself alone, or together with others, in consequence of any sale, or exchange, or transfer, or assign» ment, or payment, or novation, or compensation, or letting, or hiring, or service, or labor, or employment, or affreightment, or insurance, or job, or work,"or rent, or interest, or partnership, or lease, or deposit; or trust, or bailment, or agency, or suretyship, or compromise, or pledge,''or in consequence of any control or obligation whatsoever, whether the same be due or to become due, and whether the interest of the defendant in execution be direct or indirect, or be for the whole, or a part’ only, or whether it be by bill, note or otherwise; and if yea, what is the nature, description, and amount thereof, and is the same not sufficient to pay, or satisfy the full amount of said judgment and costs ; or if less, what amount ? You being asked, and required to make a full and detailed disclosure in relation to the same.
“3d. Have you, at any time since the service of notice of seizure in your hands herein, made, directly or indirectly unto or with the said defendant in execution, an-y payment or novation, or compromise or arrangement, or given him any note or other written obligation, or received from him directly or indirectly, any receipt or acquittance, or received, acquired against him, directly or indirectly, aDy compensation or set-off, or demand, or note, or other obligation, or right of action ? And if yea, state the nature, description and amount thereof, and the time, place and circumstance of the same.”
The witness testified, as to the answer, thus: “The answer, in substance, was, that the garnishee had no property belonging to defendant, and that he owed Mm nothing. The answer was sworn to, I recollect *376 distinctly, that the answer specified no debt. The garnishee did not answer each interrogatory separately. It was a general answer. ”
The interrogatories, are enquiring of Lorio, whether he had property of or was indebted to the defendant, McG-ee, at the time of the service of notice of seizure, or of the interrogatories, or since; and his answer must be taken as having reference to the time designated in the. interrogatories.
it'was a negation of every fact enquired of in the-interrogatories.
■ Let the judgment of the District Court be annulled, avoided and reversed, and let the suit be dismissed, as against Lorio, at plaintiffs’' posts.